**FILED**

AUG 19 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Kirell Francis Bettis,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Misc. No. |
| ) | **10 1398** |
| United States Department of State, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis*. The application will be denied pursuant to 28 U.S.C. § 1915(g).

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner may not proceed *in forma pauperis* ("IFP") if while incarcerated he has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); *see Smith v. District of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999). "This section is referred to as the 'three strikes' rule." *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006) (citing *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. Cir. 2000)). Review of court records reveals that plaintiff has accumulated four strikes. *See Bettis v. Blackstone*, No. 1:08-cv-01561 (E.D. Cal. Sept. 11, 2009) (dismissing action with prejudice for failure to state a claim under 42 U.S.C. § 1983); *Taylor v. Paulson*, No. 2:09-cv-01544 (C.D. Cal. Apr. 13, 2009)

---

[1]    It appears that plaintiff uses more than one name, including Kirell Taylor and Kirell Francis Bettis.

1

(N)

(denying IFP and dismissing complaint as frivolous); *Taylor v. Walsh*, No. 3:05-cv-01147 (N.D. Cal. May 18, 2005) (denying IFP as moot and dismissing action for failure to state a claim upon which relief can be granted); *Taylor v. United States*, No. 2:02-cv-05071 (C.D. Cal. Feb. 14, 2003) (denying IFP and dismissing complaint as frivolous).

There is an exception to the three strikes rule for a prisoner who shows that he "is under imminent danger of serious physical injury" at the time he files suit. 28 U.S.C. § 1915(g). Here, because plaintiff has accumulated four strikes, he may proceed *in forma pauperis* only if he qualifies under this imminent danger exception. *See Ibrahim*, 463 F.3d at 6. To make this determination, the Court looks to the complaint, construes it liberally and accepts its factual allegations as true. *See id.* (citation omitted). The Court has reviewed the complaint and concludes that plaintiff does not demonstrate an imminent danger of serious physical injury. Rather, its allegations pertain to plaintiff's desire to formally renounce his United States citizenship. *See* Compl. at 4-5, 8.

Accordingly, the Court will deny plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915(g). An Order accompanies this Memorandum Opinion.

DATE: *Aug. 12, 2010*

Gladys Kessler
United States District Judge